## HARTLEY A. McCOY, Appellant, v. LAURA E. WITTEN.

### Division One, November 29, 1911.

1. **NEW TRIAL: Order: Grounds.** The requirement of Sec. 2023, R. S. 1909, that the trial court shall specify of record the ground or grounds on which a new trial is granted, places a duty primarily upon that court which is not made to depend upon the action of the parties. Like every other law, it should be obeyed.

2. **EJECTMENT: New Trial: Appeal.** In ejectment, where the damages allowed are nominal only, and nothing is adjudged for rents and profits, the only question presented to this court upon an appeal from an order granting defendant a new trial, is whether the pleadings and evidence introduced required as a matter of law that the verdict should be for the plaintiff for the possession of the land sued for.

3. ——: **Title: Adverse Possession.** Ejectment for a strip of land off the east side of lot 3. The defendant, who is the owner of the next lot on the east, lot 2, claims the strip by adverse possession under the Statute of Limitations. The addition containing these lots was surveyed in 1890; there is no evidence that their lines were indicated by monuments at that time, and the plat in evidence contains no reference to such features. The strip in question is included in lot 3 as marked and shown on the plat and by the notes of the survey. For about a year, beginning April 16, 1903, a third person was the owner, by a perfect title, of both lots 2 and 3. There is no pretense that the deeds under which he claimed contained any other description, or referred to any other means of identification, than the numbers which the lots bore upon the plat of the addition, which furnished the basis for the description. This third person in 1904 conveyed to the plaintiff and defendant respectively by warranty deeds containing only the same description, and they took possession under their deeds and not otherwise. Since these deeds were made in 1904, the Statute of Limitations had not run against this suit at the time of its institution, and the plaintiff must recover.

Appeal from Randolph Circuit Court.—*Hon. Wm. H. Martin,* Special Judge.

REVERSED AND REMANDED (*with directions*).

*M. J. Lilly* for appellant.

(1) The court erred in sustaining defendant's motion for a new trial. In no view of the evidence in this case could a verdict for the defendant be sustained, and the ruling of the trial court in granting defendant a new trial should be reversed for that reason. Homuth° v. Railroad, 129 Mo. 642; Fitzjohn v. Railroad, 183 Mo. 74; Ordelheide v. Berger Land Co., 208 Mo. 239. (2) The evidence shows that plaintiff held the record title to the land in controversy by an unbroken chain from the government down to himself, and the defense of adverse possession for the statutory period of ten years fails because the plaintiff and defendant acquired their respective adjoining lots from a common grantor within less than ten years next before the filing of this suit and one cannot hold adversely to himself. (3) Under the documentary proof in evidence there was not and could not have been a period of ten consecutive years prior to the institution of this suit of adverse possession of the land in controversy as between the record owners of lots two and three, block one of James Trimble's addition to the city of Moberly, Missouri.

*A. C. Gladney* and *Willard P. Cave* for respondent.

(1) The trial court has a discretion to grant one new trial and the appellate court will not interfere with its exercise of that discretion, unless the case is such that no verdict in favor of the party to whom the new trial is granted could ever be allowed to stand. R. S. 1909, sec. 2022; Taylor v. Railroad, 163 Mo. 183; Casey v. Transit Co., 186 Mo. 229; Fitzjohn v. Transit Co., 183 Mo. 74; Hoepper v. Hotel Co., 142 Mo. 387. (2) The evidence shows that neither plaintiff nor anyone else claiming through or under Nitzsche, since the year 1876 or 1877 has ever been in

possession of said strip in controversy. (3) The evidence shows that Petering began to hold this strip in controversy adversely to Nitzsche, the owner of lot three from the year 1876 or 1877, when Nitzsche built the fence separating lots two and three. This adverse possession of Petering had ripened into a title by adverse possession prior to O'Neal's death, and the devisees of O'Neal took this disputed strip by reason of this paramount title. Shaw v. Nicholay, 30 Mo. 99. (4) The devisees of J. T. O'Neal took a fee simple title to the strip in controversy. The possession of said Petering and that of O'Neal, being under claim of ownership, had ripened into a title; and the fact that Mrs. Cora O'Neal Greer was one of the devisees, does not matter, since where there are two titles in one person, the possession will connect itself with the paramount title. Shaw v. Nicholay, 30 Mo. 110.

BROWN, C.—Ejectment to recover a rectilinear strip of land off the east side of lot three in block one of James Trimble's Addition to Moberly, four and one-half feet wide along Coates street on the north, and three and one-half feet wide at the south end. The answer is a general denial and plea of the Statute of Limitations. No question was raised at the trial as to the paper title of the plaintiff, and the only issue attempted to be made by the evidence, was whether or not the defendant had acquired title to the strip in question by adverse possession.

The evidence, so far as it relates to the questions which we will consider, discloses the following unquestioned conditions. James Trimble's Addition was surveyed in 1890, block one containing eight lots, all fronting north on Coates street, and numbered consecutively from east to west, lot one being fifty feet wide, and lots two and three being each forty-seven feet wide. There is no evidence that the lines or cor-

ners of lots two and three were, at the time of the survey, marked or indicated by monuments, either natural or artificial, and the plat in evidence contains no reference to any such features, but simply shows the external lines and measurements of the lots composing the addition. Lot two was acquired by one Petering by warranty deed in 1873. August Nitzsche acquired lot three in the same manner in 1872. There is no evidence that either of these deeds, nor any other deed in the chain of title of either of the parties, contained any other description showing their boundaries than the number of the lot and block, and name of the addition, with the city and county in which it was situated; and no question has been raised, either in evidence or argument, as to the fact that the strip of land sued for is included in lot three, as marked and shown on the plat, and by the notes of the survey.

The testimony shows that in 1876 or 1877 Mr. Nitzsche built a house on his lot, and directed a fence to be built along his east line, which was, in fact, placed on the west line of the strip of land described in the petition. There is no evidence that Mr. Petering, during his ownership of lot two, which he conveyed to J. T. O'Neal, March 20, 1879, did anything on it. Mr. O'Neal, after he acquired the lot, built a water closet on the back end of it extending across the strip in controversy to within a few inches of Mr. Nitzsche's fence, and connected the closet with a sewer. At what period during Mr. O'Neal's ownership this closet was built, is not disclosed more definitely than that it was while Mr. Nitzsche owned lot three, which he conveyed June 15, 1885, to Mrs. Cora O'Neal, the wife of J. T. O'Neal, the owner of lot two. The titles remained in this condition until April 16, 1903, at which date the widow and heirs of Mr. O'Neal (who died in August, 1887) conveyed lot two to Mr. Robert O. McCanne; and Mrs. O'Neal, who had in the mean-

time been the wife of one Greer, conveyed lot three to the same grantee.

Mr. McCanne on March 4, 1904, conveyed lot two by warranty deed to Mrs. Witten, the defendant, and on May 4, 1904, conveyed lot three by warranty deed to plaintiff. At the trial there was a verdict and judgment for the plaintiff. A motion for a new trial was filed in due time and sustained by the court. It is the order of the court sustaining this motion, and granting a new trial, from which this appeal is taken.

The circuit court, in entering its order granting a new trial, has disregarded that provision of section 2023, Revised Statutes 1909, requiring that in every such case it shall specify of record the ground or grounds on which the new trial is granted. This is a duty which rests primarily upon the court and is not made to depend upon the action of the parties or either of them. One of its objects is to lighten the labor of the appellate court, by directing its attention to the exact point presented for decision, and like every other law it should be obeyed.

The only question presented by this appeal, is whether the pleadings and evidence introduced require, as a matter of law, that the verdict should be for the plaintiff for the possession of the land sued for, the damages allowed being nominal only, and there being nothing adjudged for rents and profits.

The question tried below, and argued here, is whether or not the defendant, at the time the suit was brought, had acquired title to the strip of land in dispute by adverse possession for the time required by the Statute of Limitations. The evidence shows conclusively, and it seems to be admitted by both parties, that for about a year, beginning April 16, 1903, one McCanne was the owner, by a perfect title, of both lots two and three. There is no pretense that the deeds under which he held contained any other description, or referred to any other means of identi-

fication, than the numbers which they bore upon the plat of the addition, which furnished the basis for the description. He conveyed them to the plaintiff and defendant, respectively, by warranty deeds containing only the same description.

It can make no difference how McCanne and his predecessors in title acquired these lots, or any part of them—whether by deed or by adverse possession or otherwise. He owned them both, and, by his respective deeds, conveyed one of them to the plaintiff and the other to the defendant, who took possession under their deeds and not otherwise. No question of estoppel or agreed description has been made in argument, or suggested, so far as we can see, by the evidence.

The deeds under which the parties to this suit claim having been made in 1904, it is plain that the Statute of Limitations had not run against this suit at the time of its institution.

The exact question here decided was before this court in Patton v. Smith, 171 Mo. 231, and was decided in accordance with the law as we have here stated it, and we see no reason for dissatisfaction with the decision in that case. The order of the circuit court sustaining the motion for a new trial is accordingly reversed and the cause remanded with directions that the motion be overruled. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the judges concur.